The issue presented by this petition for the writ of mandamus is whether the Alabama Rules of Professional Conduct may be admitted into evidence in a legal malpractice action to show a breach of the standard of care. The plaintiffs in an action pending in the Baldwin Circuit Court seek a writ directing the trial judge to allow the plaintiffs to introduce the Rules of Professional Conduct and to allow an expert witness to rely on those Rules in stating an opinion as to the applicable standard of care. We deny the petition.
The writ of mandamus is a drastic and extraordinary writ, and certain criteria must be met before it will be issued. A writ of mandamus will be issued only when there is (1) a clear legal right in the petitioner to the relief sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) lack of another adequate remedy; and (4) properly invoked jurisdiction of this Court. Ex parte Ben-Acadia, Ltd.,566 So.2d 486, 488 (Ala. 1990).
Julian Brackin, the defendant, is an attorney practicing in Foley. In 1993 and 1994, Brackin purchased, in separate transactions, three parcels of land on Wolf Bay in Baldwin County, from the plaintiffs or their predecessors in interest. Brackin had previously represented the plaintiffs in a variety of transactions. After Brackin purchased the property in question, the plaintiffs filed this legal malpractice action, alleging that in regard to the purchase Brackin took advantage of them and defrauded them of their property.
Before the trial began, the plaintiffs informed the trial judge that they planned to introduce into evidence the Rules of Professional Conduct and to present expert testimony based on those Rules when discussing the applicable standard of care. The trial judge stated that he would not admit those Rules into evidence and would not permit testimony concerning them, basing that decision upon the Alabama Legal Services Liability Act, particularly § 6-5-578(b), Ala. Code 1975. Section 6-5-578(b) provides:
 "Neither evidence of a charge of a violation of the rules of professional conduct against a legal service provider nor evidence of any action taken in response to such a charge shall be admissible in a legal services liability action and the fact that a legal service provider violated any provision of the rules of professional conduct shall not give rise to an independent cause of action or otherwise be used in support of recovery in a legal services liability action."
The plaintiffs contend that the trial judge misinterpreted § 6-5-578(b). They argue that § 6-5-578(b) applies only if the legal service provider has been charged with violating the Rules of Professional Conduct. We disagree. The statute clearly states that "the fact that a legal service provider violated any provision of the rules of professional conduct shall not give rise to an independent cause of action or otherwise beused in support of [a] recovery in a legal services liabilityaction." § 6-5-578(b), Ala. Code 1975 (emphasis added).
We hold that a violation of the Rules of Professional Conduct may not be used as evidence, regardless of whether the attorney has been charged with a violation of those Rules. In Terry CoveNorth, Inc. v. Marr Friedlander, P.C., 521 So.2d 22
(Ala. 1988), which was decided before § 6-5-578 was adopted, this Court held that a violation of the Alabama State Bar's Code of Professional Responsibility (the predecessor to the Alabama Rules of Professional Conduct) did not give rise to a cause of action for money damages. In so holding, this Court stated that "the sole remedy" for a violation of the Code of Professional Responsibility was "the imposition of disciplinary measures" and that the Code of Professional Responsibility did not "set out standards for civil liability." Id. at 24.
The trial judge properly held that evidence of a violation of the Rules of Professional Conduct could not be used in a legal malpractice action.
WRIT DENIED.
HOOPER, C.J., and ALMON, SHORES, HOUSTON, KENNEDY, COOK, BUTTS, and SEE, JJ., concur. *Page 417